[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
These are actions to foreclose claimed statutory liens in favor of the plaintiff Condominium Association against condominium units owned by the defendant, Vincent Vartulli. The liens are purported to have attached pursuant to General statutes Section 47-258, because the defendant owner "[s]ince August 1990, . . has failed to pay duly authorized assessments pursuant to a periodic budget adopted annually, late fees in accordance with the rules and regulations, and monthly assessments for a shortfall in the budget, and moving fees."
The defendant owner has filed an answer and special defense. As a special defense, he asserts:
 "The common charges described in the complaint were wrongfully assessed against the undersigned Defendant for the purpose of maintaining a lawsuit against him entitled, "Northeast Condominium Association, Inc. v. Orvas Partnership, et al." (D.N. CV 90-000112027 S)."
The plaintiff has moved to strike this special defense because (a) it does not comply with P.B. Section 151, requiring that a special defense set forth facts consistent with those contained in the complaint, but which nevertheless show the plaintiff has no cause of action, and, (b) the purpose for which duly authorized assessments are utilized is irrelevant to the validity and enforceability of the statutory lien created by General Statutes Section 47-258 and the defense is insufficient as a matter of law.
The defendant contends that the purpose of the special assessment was to fund litigation known as North Star Condominium Association, Inc. v. Orva Partnership, et al. now pending in the CT Page 6791 Superior Court. That action alleges that the defendant builder, Vincent Vartulli, and others are liable to the plaintiff due to building construction defects in the construction of the North Star Condominium complex. Essentially, the defendant claims this is an action to force the defendant to pay the cost of litigation to sue himself in the building action.
The plaintiff asserts that even accepting the defendant's subjective determination that he considers the assessment as wrongful or that he objects to the application of the assessed funds to underwrite the cost of litigation against him, this defense does not meet the requirement of P.B. Section 164, that the defense show the plaintiff has no cause of action against him. Merely characterizing an assessment as wrongful does not give rise to a viable special defense.
Moreover, the plaintiff claims that since a special defense must admit that the common charge was assessed as alleged in the complaint, there is no basis for this special defense since General Statutes Section 47-258 (a) states, in pertinent part:
 The association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fee becomes delinquent. . . . (Emphasis supplied).
The plaintiff urges that if a unit owner were permitted to defend a foreclosure action solely upon the purpose for which the lien were levied, the lien provisions of the statute would be gutted and relevant by-laws would be rendered meaningless. Permitting this special defense to be pursued would be analogous to allowing a mortgagor to defend the foreclosure of his mortgage on the grounds that the lending bank might have used a portion of his monthly payment to fund the action against him. Such a defense, the plaintiff asserts, would be dismissed out of hand and the same should apply here.
The defendant argues that the "any assessment" language cited by the plaintiff cannot be read to preclude a defense, but rather is intended to define what may be the subject of the lien. He also alleges that the expenditure of funds for the purpose of prosecuting the building action in which he is a defendant is imprudent, inappropriate and a waste of the association's funds. It is his claim that by instituting this action and maintaining it, the directors of the plaintiff association have breached their fiduciary duties.
The defendant claims that such defenses must be allowed or a defendant would be subject, without recourse, to unilateral action by the association regardless of the validity of such CT Page 6792 action and would be denied his right to defend.
The plaintiff has cited no authority for its position that Sec. 47-258(a) precludes the defendant from raising a defense to foreclose a lien. Although there is no case law on point in Connecticut, the defendants cited cases in in other jurisdictions where he claims defenses in actions to foreclose liens for unpaid assessments have been allowed or recognized: Rothenburg v. Plymouth #5 Condominium Association, 12 Fla. L. Wk. 1848, 511 So.2d 65 (1987); Leppaluoto v. Warm Springs Hollow Homeowners Association, Inc., 114 Idaho 3, 752 P.2d 605 (1988); and, San Antonio Villa Del Sol Homeowner's Association v. Miller, 761 S.W.2d 460 (Tex. 1988).
An examination of those cases indicates that the defense was found invalid in San Antonio; what was pleaded by the defendant in Leppaluto was not really a special defense but rather a counterclaim; and, Rothenburg resolved that the assessment was illegal because the Condominium Act did not give the association authority to assess costs for bus transportation services, in that it was not a common expense as defined in the Act; even though the condominium by-laws permitted a contract for transportation services with a bus company, such expenses were beyond the scope allowed as common expenses by the statute.
In Connecticut, General statutes, Sec. 47-244 reads in pertinent part:
 Sec. 47-244. Powers of unit owners' association. (a) Except as provided in subsection (b) of this section [not relevant here], and subject to the provisions of the declaration, the association, even if unincorporated, may:
 (4) Institute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community. . . . . . .
General Statutes Sec. 47-202 (7) defines "Common Interest Community" as meaning ". . . real property described in a declaration with respect to which a person, by virtue of his ownership of a unit, is obligated to pay for (A) real property taxes on, (B) insurance premiums on, (C) maintenance of, or (D) improvement of, any other real property other than that unit described in the declaration."
General Statutes Sec. 47-202 (5) define "Common expenses" as meaning expenditures made by, or financial liabilities of, the association, together with any allocation to reserves. CT Page 6793
Thus, unlike the circumstances in Rothenburg v. Plymouth #5 Condominium Association, supra, the Connecticut Act does allow institution of a lawsuit by the association as a common expense. An action for damages because of alleged building construction defects is not excluded by the Enabling Act. The defendant has cited no authority for his apparent proposition that as a unit owner he is immune from paying a common assessment because he is also one of the defendant builders in the action for which the assessment was levied.
While the defendant is correct that there is nothing which would appear to preclude a valid defense in a foreclosure of a lien for failure to pay an assessment, this special defense, as pleaded, that the common charges as levied were wrongfully assessed for the purpose of maintaining a lawsuit against a builder for alleged construction defects, is invalid. The motion to strike the special defense is granted.
NIGRO, J.